For plaintiff: Charles Z. Alexander.

For defendant: Uldrich Pettine.

Annie F. Talbot et al. vs. George A. Bridges et al. } P. A. No. 1242.

June 28, 1933.

POULIOT, J. This cause is before the Court on appellee's motion for a new trial after a jury had returned a verdict breaking the will of Ella M. Nye.

Mrs. Nye died on February 25, 1931, at the age of 81 years, 1 month and 12 days. The will involved in this litigation is dated April 9, 1929.

Mrs. Nye, after her husband's death in October 1918, continued to live at the Allen House until it was torn down and then located herself at the Biltmore Hotel, where she remained up to the time of her death. Immediately following the death of Mr. Nye, Franklin L. Hall, one of the chief beneficiaries under the will, who was employed in the same office as Mr. Nye, called upon Mrs. Nye and tendered his services. With her approval, he took charge of all the funeral arrangements; assisted or advised her with reference to settling her husband's estate; became her confidential adviser in rela-

tion to her investments; invited her to his home for Thanksgiving dinners and on other occasions; took her out riding in his automobile and he and his family became very friendly with her. This friendship became so close that in November 1928, after having gone over a list of names with Mr. Hall, Mrs. Nye executed a will under which the bulk of her estate was bequeathed to the Hall family.

At this time, Mrs. Nye was also the subject of friendly attention on the part of Dr. Helen C. Bridges and of her husband and of their friends. This attention consisted of calling upon Mrs. Nye, socially and professionally; of taking her on automobile rides; of receiving her as a guest in their home and taking her on trips.

It is a coincidence that the will now before us, equalizing the shares of the Halls and the Bridges, was also executed after a conference in which Dr. Bridges and her husband went over a list of names and amounts submitted to them by Mrs. Nye.

On both occasions when she went to her attorney to have her will drawn, she had with her as a memorandum the list she had previously gone over with the beneficiaries to large amounts.

There are two main grounds upon which the contest of the will was tried:

First: testamentary capacity; second: undue influence.

In so far as testamentary capacity is concerned, the Court believes that the evidence clearly shows that Mrs. Nye was legally capable of executing a valid will. Especially helpful to us on this point is the testimony of the attorneys who drew the two wills. Judge Emerson and Mr. Henshaw are both men of high standing at the bar; they both had a large experience in drafting documents of this nature and knew how to question prospective testators in order to determine their testamentary capacity. The Court feels sure that neither of these gentlemen would have had Mrs. Nye execute a will unless they were satisfied she had the capacity required. Therefore, the will cannot be attacked on this ground.

The ground of undue influence presents a more serious problem.

The Court realizes that the printed record may indicate, when taken alone, that the contestants failed to prove that charge by a fair preponderance of the evidence, yet the atmosphere, so-called, of the case, taken in conjunction with the record, can well explain the jury's finding. Although, as yet, no such argument has been advanced either to the jury or to the Court on this motion, yet the trial gave us a distinct and ineradicable impression that both the Halls and the Bridges were doing all they could to instill themselves into the mind of Mrs. Nye as persons who were indispensable to her welfare, and also that the Bridges found out in some way that the Halls were getting the lion's share under the 1928 will and got busy to correct the inequality of bequests.

The testimony of Mr. Hall and of Mrs. Bridges was not as convincing as it should be from persons who occupied their close advisory and professional relation to Mrs. Nye.

The Court recognizes that it may be flying in the face of the printed record, but its conscience will not permit it to do other than approve the finding that undue influence permeated this will.

Therefore, appellee's motion for a new trial is denied.

For appellants: Grim, Littlefield & Eden.

For appellees: Emerson & Mason and Tillinghast & Collins.